**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-50134-001-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| John Anthony Williams, | |
| Defendant. | |

In connection with his convictions in 2005 for wire fraud, mail fraud, money laundering, and transportation of stolen money, Defendant was ordered to pay $450,223.82 in restitution. As of May 14, 2019, Defendant still owed $437,083.25. The United States served a writ of garnishment on Defendant's employer and the employer indicated it would withhold 25% from Defendant's earnings. A few weeks after that answer, Defendant filed a "Request for Hearing." According to that document, Defendant "does not dispute the amount of restitution he owes" but he "believes he cannot support himself" if 25% is withheld from each paycheck. Defendant requested "a hearing to reduce or eliminate this 25% garnishment." (Doc. 49). The Court referred the request for a hearing to Magistrate Judge Michelle H. Burns.

On July 10, 2019, Magistrate Judge Burns issued a Report and Recommendation ("R&R"). (Doc. 51). The R&R concludes Defendant failed to "provide any authority for why the wages garnished should be exempt from the post-judgment remedy." (Doc. 51 at 3). Therefore, the R&R recommended Defendant's request for a hearing be denied and

that "a final order of continuing garnishment be entered that garnishes 25 percent of Defendant's bi-weekly disposable earnings." (Doc. 51 at 3). Defendant did not file any objections.

Defendant's failure to file objections to the R&R means the Court will adopt it without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). In doing so, however, the Court notes it is questionable whether the United States is correct that a "claim of financial hardship" may not be raised in a garnishment proceeding. While the United States cites caselaw holding as much, there is a wealth of cases holding the opposite. *See, e.g., United States v. Woods*, No. CRIM. 97-0157-WS-C, 2010 WL 4386900, at *2 (S.D. Ala. Oct. 29, 2010) ("Federal courts have routinely found that § 3013 and § 3205, read in tandem, confer authority for district courts to modify or reduce garnishment orders based on a judgment debtor's individual circumstances."). Had Defendant filed objections, the Court may have had to consider Defendant's individual circumstances.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 51) is **ADOPTED IN FULL**. The Motion for Hearing (Doc. 49) is **DENIED**. The Government shall supply a final order for entry of garnishment disposition no later than August 9, 2019.

Dated this 2nd day of August, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge